Opinion by Johnson, J.    At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer.    In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found.    The protest was sustained to this extent.

Before the Second Division, December 5, 1950

**No. 54917.**—Chase Watch Corp. et al. *v.* United States, protests 125006-K, etc. (New York).

Opinion by Lawrence, J.    It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430).    Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but not less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 54918.**—Acme Watch Co. et al. *v.* United States, protests 132090-K, etc. (New York).

Opinion by Lawrence, J.    It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430).    Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20

each as watch movements more than ⁹⁄₁₀ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

No. 54919.— Gebruder Fikse et al. *v.* United States, protests 160975–K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

No. 54920.—Max Ettlinger & Co. et al. *v.* United States, protests 161521–K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

No. 54921.—Julius Kayser & Co. *v.* United States, protests 490980–G, etc. (New York).

Opinion by RAO, J. The protests were dismissed.

No. 54922.—G. H. Seffert Co. *v.* United States, protest 157466–K (New York).

Opinion by FORD, J. The protest was dismissed.

No. 54923.—Schlesinger & Gintel, Inc. *v.* United States, protest 160433–K (New York).

Opinion by FORD, J. The protest was dismissed.

No. 54924.—Rogers Peet Co. *v.* United States, protest 161241–K (New York).

Opinion by FORD, J. The protest was dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 5, 1950

No. 54925.—Department of the Army (Cecil R. Russell, Capt., QMC) *v.* United States, protest 154333–K (San Juan).

CLINE, Judge: This is a protest, arising at the port of San Juan, P. R., against the collector's assessment of duty on vegetables imported from Atkinson Air Force Base, British Guiana. It is claimed that the shipment was not in fact an importation from a foreign country but a shipment from one army installation to another.

At the trial, counsel for the Government moved to dismiss the protest on the ground that the duty had not been paid and that the payment of duty was a condition precedent to the filing of a valid protest.

It appears from the official papers, and it was stipulated by the parties, that the duties have not been paid.

Section 514 of the Tariff Act of 1930 provides that decisions of the collector as to the rate and amount of duties chargeable shall be final and conclusive on all parties unless "the importer, consignee, or agent of the person paying such charge," shall file a protest within 60 days after liquidation. Section 515 of the same act provides that upon the filing of such protest, the collector shall review his decision, and that if he shall affirm his decision, "and, in the case of merchandise entered for consumption, if all duties and charges shall be paid," then the